UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HECTOR NUNEZ,<br><br>Defendant | Criminal No. 25cr10414<br><br>Violations:<br><br>Count One: Money Laundering Conspiracy (18 U.S.C. § 1956(h))<br><br>Counts Two through Four: Money Laundering; Aiding and Abetting (18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)<br><br>Forfeiture Allegation: (18 U.S.C. § 982(a)(1)) |

## INDICTMENT

### COUNT ONE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury charges:

From at least in or about June 2022, through in or about August 2024, in Roxbury, Methuen, and Lowell, in the District of Massachusetts, and elsewhere, the defendant,

HECTOR NUNEZ,

conspired with others known and unknown to the Grand Jury to conduct and attempt to conduct a financial transaction knowing that the property involved in such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section

1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWO
Money Laundering; Aiding and Abetting
(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

The Grand Jury further charges:

On or about June 27, 2022, in Roxbury, in the District of Massachusetts, and elsewhere, the defendant,

HECTOR NUNEZ,

did conduct and attempt to conduct a financial transaction, to wit, delivery and transfer of bulk United States currency in the amount of approximately $140,010, knowing that the property involved in such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT THREE
Money Laundering; Aiding and Abetting
(18 U.S.C. §§ 1956(a)(1)(B)(i) and 2)

The Grand Jury further charges:

On or about February 15, 2023, in Methuen, in the District of Massachusetts, and elsewhere, the defendant,

HECTOR NUNEZ,

did conduct and attempt to conduct a financial transaction, to wit, delivery and transfer of bulk United States currency in the amount of approximately $41,400, knowing that the property involved in such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

COUNT FOUR
Money Laundering; Aiding and Abetting
(18 U.S.C. §§ 1956(a)(1)(b)(i) and 2)

The Grand Jury further charges:

On or about August 12, 2024, in Lowell, in the District of Massachusetts, and elsewhere, the defendant,

HECTOR NUNEZ,

did conduct and attempt to conduct a financial transaction, to wit, delivery and transfer of bulk United States currency in the amount of approximately $152,400, knowing that the property involved in such transaction represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1956(a)(1) and (h), set forth in Counts One through Four, the defendant,

HECTOR NUNEZ,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

a. $152,400 seized in Lowell, MA on August 12, 2024.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

FOREPERSON

J. MACKENZIE DUANE
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: October 29, 2025
Returned into the District Court by the Grand Jurors and filed.

/s/ Leonardo T. Vieira, 12:03pm

DEPUTY CLERK